## Commonwealth ex rel. v. Schurch

*Holl, Taylor & Holl*, for relatrix.
*Reiley & Pearce*, for defendant.

ERVIN, P. J., October 3, 1950.—This matter is before the court on an information and warrant charging defendant with failure to support a minor child. A hearing was held before Ervin, P. J., on August 9, 1950, at which time the case was continued until September 8, 1950, to afford relatrix opportunity to present further testimony. Instead of producing further testimony on that date a stipulation of counsel was filed which established the following facts: That defendant is a resident of Pennsylvania; that defendant is the father and relatrix is the mother of Philip H. Schurch; that Philip H. Schurch is 10 years of age; that defendant has failed to support his child for 23 months and that defendant earns upward of $100 a week and is therefore of sufficient financial ability to support the child. It was also stipulated and agreed therein that the case should be decided on the assumption that at the hearing set for September 8, 1950, the following offer of proof was made on behalf of relatrix, was objected to on behalf of defendant, the objection sustained and exception granted: Paragraph 5 of the complaint in assumpsit filed by relatrix against defendant in the Court of Common Pleas as of March term, 1950, no. 834, which was an action to recover for the care and maintenance of the child in the past, reading as follows:

"5. Prior to September 1, 1948, whenever the child was with the plaintiff, the defendant paid to her monthly the sum of $40.00 for the care and maintenance of the said child." Together with the answer thereto, as follows:

"5. Denied. On the other hand it is averred that prior to the 29th day of October, 1949, the minor child of the parties was in the custody of the defendant and by previous order of court spent his vacations with the plaintiff at which time the defendant made advances

for the support and maintenance of the said child." Also paragraph 8 of the said complaint, reading:

"8. That under current prices $12.00 per week is the minimum sum necessary to maintain and care for a child of ten years." Together with the answer thereto, reading:

"8. Denied, and it is averred that the sum stated as being necessary for the support and maintenance of the child is excessive and unreasonable."

The foregoing stipulation does not state that the child is residing with his mother in Louisiana but such fact appears in the briefs of both parties.

Other than the foregoing offer, there was no evidence as to the amount necessary for the support of the 10-year-old child in Louisiana. Relatrix's contention is that defendant's answer to paragraph 8 of her complaint in assumpsit was an insufficient denial and therefore an admission of the facts alleged by her, to wit, that under current prices $12 per week is the minimum sum necessary to maintain and care for a child of 10 years. We cannot sustain relatrix's contention because we do not feel that her averment was an averment of fact but rather was a conclusion of law. It is nothing more than the expression of the judgment of relatrix upon undisclosed facts.

The question of what constitutes a proper and reasonable allowance for a child depends upon a variety of circumstances. Items to be considered are the father's means, his resources or ability to pay, the needs of the child as measured by the condition and situation in life of the parties, the separate property and income of the parties, if any, and various other factors. These are the facts which relatrix must establish and her conclusion as to an amount without showing upon what facts it was based, is not an averment of fact which defendant would be required to answer. Pa. R. C. P. 1029 provides:

"(a) A responsive pleading shall admit or deny the *averments of fact* in the preceding pleading or part thereof to which it is responsive . . . (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial . . . shall have the effect of an admission."

In discussing this rule Anderson Pa. Civil Practice, vol. 2, p. 447, states:

"Averments which are not denied in a manner prescribed by Rule 1029 are deemed admitted, provided the averments are themselves self-sustaining and are not conclusions of law or of fact and do not relate to damages."

Goodrich-Amram, §1029(*b*)-1 page 132, states:

"Rule 1029 (a) requires an answer only to the 'averments of fact' in the complaint. This excuses the defendant from answering any inferences, evidence or conclusions of law contained in the complaint."

It follows that there being no facts before the court as to the amount necessary to support the child in Louisiana, no order can be entered at the present time. The only factor upon which we have evidence is the father's earnings and this in itself cannot support an order without testimony covering the other factors involved.

Since the foregoing portion of this opinion was dictated but before it was ready for filing, another hearing was held on September 29, 1950, and again relatrix was unprepared to submit further testimony. This is at least the third time defendant has been compelled to take a day from work to attend an abortive hearing. We cannot permit him to be so harassed. We will accordingly dismiss the present proceeding. If at a future time relatrix is in a position to present legally competent evidence, she may start a new action for this purpose.